

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**
**Jan 06, 2026**
**09:54 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

| | |
|---|---|
| Wayne Freeman | Docket No. 2024-50-8550 |
| v. | State File No. 31297-2024 |
| United Road Services, Inc., et al. | |

Appeal from the Court of Workers'
Compensation Claims
Thomas L. Wyatt, Judge

---

### Affirmed and Remanded

---

The employee in this case has two pending claims: the first involves a compensable left shoulder injury that is the subject of a separate appeal; the second involves an alleged right shoulder injury the employee contended occurred several days before surgery on his left shoulder, when he was closing upper deck extensions on a vehicle hauler. The employer denied this second claim, asserting that the employee did not give notice of the alleged accident until more than fifteen days after its occurrence and offered no reasonable excuse for his failure to give timely notice. Following an expedited hearing on this second claim, the trial court determined the employee is not likely to prevail at trial in proving he gave timely notice of his alleged right shoulder injury or had a reasonable excuse for the failure to give timely notice, and it denied his request for medical benefits related to the right shoulder condition. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Wayne Freeman, Summertown, Tennessee, employee-appellant, pro se

Heather H. Douglas and Jenna M. Macnair, Nashville, Tennessee, for the employer-appellee, United Road Services, Inc.

### Factual and Procedural Background

Wayne Freeman ("Employee") drove a vehicle hauler for United Road Services, Inc. ("Employer"). In 2022, Employee suffered a work-related injury to his left shoulder,

1

which Employer accepted as compensable. Following a course of authorized medical treatment, the parties entered into a settlement agreement in 2023 that was approved by the trial court. This agreement resolved Employee's claim for an original award of permanent disability benefits and left open Employee's entitlement to future medical benefits for his left shoulder injury pursuant to Tennessee Code Annotated section 50-6-204. Thereafter, Employee continued to report left shoulder symptoms, and his authorized physician recommended surgery.

Several days before his scheduled left shoulder surgery, on April 6, 2024, Employee was closing the upper deck extensions on a vehicle hauler when he experienced pain and symptoms in his right shoulder. He did not inform Employer of this incident at the time. He then underwent left shoulder surgery on April 9 and was out of work during a period of recovery. On or about May 1, 2024, twenty-five days after the alleged right shoulder incident, Employee gave notice by email to Employer's workers' compensation claims manager of the work incident involving his right shoulder. Employer's terminal manager received a similar email the following day. Employer's insurer denied Employee's right shoulder claim based on late notice. Employee was released to return to work following the left shoulder surgery, but he was subsequently involved in a motor vehicle accident while driving a company vehicle that resulted in his termination. In December 2024, Employee filed a petition for benefit determination seeking authorized medical treatment for his right shoulder condition. Following an expedited hearing in October 2025, the trial court issued an order denying Employee's request for medical benefits, concluding Employee was not likely to prevail at trial in proving he provided timely notice of the accident or had a reasonable excuse for the failure to provide timely notice. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

**Analysis**

Tennessee Code Annotated section 50-6-201(a) places the burden on an injured worker to provide the employer with timely notice of a work-related injury. It requires the employee, or a representative of the employee, to "immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury." Tenn. Code Ann. § 50-6-201(a)(1) (2024). Moreover, the second sentence of subsection (a)(1) provides that an employee shall be entitled to "no compensation" unless "the written notice is given to the employer within fifteen (15) days *after the occurrence of the accident*." *Id.* (emphasis added). Further, Tennessee Code Annotated section 50-6-201(b) makes clear that injuries occurring "as the result of gradual or cumulative events or trauma" have additional statutory provisions to consider. If, however, the alleged injury occurred as the result of a sudden event, subsection 201(b) is not applicable.[1]

In *Ernstes v. Printpack, Inc.*, No. 2020-07-0617, 2023 TN Wrk. Comp. App. Bd. LEXIS 25 (Tenn. Workers' Comp. App. Bd. June 6, 2023), we examined the history of Tennessee's notice requirement and concluded that, when considering whether an employee provided timely notice of the work-related injury, the court should apply the following framework:

A.  Did the employee provide timely written notice of the alleged work-related injury?

B.  If no timely written notice was provided, did the employer have "actual knowledge" of the alleged work-related accident or injury?

C.  If no timely written notice was provided and no actual knowledge has been proven, did the employee show a "reasonable excuse" for the failure to give proper notice to the employer? In considering whether the employee has shown by a preponderance of the evidence a reasonable excuse, a court can consider, among other things: (1) the employer's actual knowledge of the employee's injury, (2) lack of prejudice to the employer by an excusal of the notice requirement, and (3) the excuse or inability of the employee to timely notify the employer. However, as previously stated by the Tennessee Supreme Court, lack of prejudice alone would not be sufficient to excuse notice.

---

[1] Tennessee Code Annotated section 50-6-201 was amended as of July 1, 2025, but the present case arose prior to the effective date of such amendments, so we have relied on the language of section 201 as it existed prior to the most recent amendments.

D. If the court determines that: (1) no timely written notice was provided; (2) the employer did not have actual knowledge of the alleged accident or injury; and (3) the employee did not prove a reasonable excuse for the failure to give timely notice, the claim should be denied and dismissed.

E. If written notice was provided, but the employer affirmatively asserts there was a defect or inaccuracy in the notice, the burden of proof shifts to the employer to prove actual prejudice it suffered as a result of the defective or inaccurate notice and, if such prejudice is found, the trial court can fashion a remedy, if appropriate, "only to the extent of the prejudice."

*Id.* at \*34 (internal citations and some quotation marks omitted).[2]

Here, Employee's allegations include components of both a purported gradual injury and a sudden, traumatic event. First, Employee asserted that his previous left shoulder injury had caused him to overuse his right shoulder at work, resulting in increased pain over a period of time. However, there is no evidence in the record that Employee timely reported an overuse injury to Employer or sought medical treatment for an overuse injury. He also offered no medical evidence supporting his contention that he sustained an overuse injury to his right shoulder. Second, Employee alleged a specific event occurring on April 6, 2024, which resulted in significant acute pain in his right arm and shoulder. The trial court determined, as an initial matter, that Employee did not come forward with sufficient evidence at the expedited hearing to indicate a likelihood of proving he had suffered a compensable gradual injury to his right shoulder primarily caused by work, and we agree with that determination. Thus, we must consider whether Employee gave proper notice of the alleged accident on April 6 and, if not, whether he is likely to prevail at trial in proving he had a reasonable excuse for the failure to give timely notice.

It is undisputed that Employee did not give Employer timely, written notice of the alleged April 6 accident and that Employer had no actual knowledge of that event. In a sworn declaration admitted into evidence during the hearing, Employee acknowledged he did not report the April 6 incident causing right shoulder symptoms to Employer because he hoped his condition would improve. Although Employer later testified that Employee told the adjuster for his left shoulder claim about his right shoulder condition either just before or just after his left shoulder surgery, the trial court did not find this testimony credible. On appeal, we give deference to a trial court's credibility determinations, absent clear and convincing evidence to the contrary. *See, e.g.*, *Hernandez v. Jones Fiber Products, LLC*, No. 2019-02-0046, 2020 TN Wrk. Comp. App. Bd. LEXIS 72, at \*18-19 (Tenn. Workers' Comp. App. Bd. Dec. 28, 2020) (quoting *Kelly v. Kelly*, 445 S.W.3d 685

---

[2] Our opinion in *Ernstes* was affirmed on appeal by the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel. *Ernstes v. Printpack, Inc.*, No. W2023-00863-SC-R3-WC, 2024 Tenn. LEXIS 1 (Tenn. Workers' Comp. Panel Jan. 2, 2024).

(Tenn. 2014)).  For evidence to be clear and convincing, it must eliminate any serious or substantial doubt about the correctness of the conclusions drawn from the evidence.  *Id.*  Here, we conclude the evidence supports the trial court's determination as to this issue.

Consequently, this appeal hinges on an analysis of Step C, above, which requires the employee to offer a reasonable excuse for the failure to give timely written notice.  In such circumstances, a trial court can consider, among other pertinent factors, whether the employer had actual knowledge of the accident, whether the employee was unable to timely notify the employer of the accident, and/or whether the employer suffered any prejudice caused by the lack of timely notice.  Evidence of lack of prejudice, standing alone, is not enough to support a finding that the employee offered a reasonable excuse for the lack of timely notice.  *Ernstes*, 2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *34 (citing *Aluminum Co. of Am. v. Rogers*, 364 S.W.2d 358, 361 (Tenn. 1962)).

The trial court considered two elements in its reasonable excuse analysis.  First, Employee testified he did not inform Employer of the April 6 incident because he believed his shoulder pain would improve.  As we have previously noted, however, the statute requires an employee to give notice within fifteen days of the occurrence of the accident, not within fifteen days after the employee believes his medical condition arising from that accident necessitates medical attention.  *Yeoman v. Transwood Logistics, Inc.*, No. 2024-30-2931, 2025 TN Wrk. Comp. App. Bd. LEXIS 57, at *8-9 (Tenn. Workers' Comp. App. Bd. Nov. 13, 2025).  Further, we concluded that an employee's lack of understanding of the seriousness of his medical condition does not constitute a reasonable excuse for the failure to give timely notice of a workplace accident.  *Id.* at *9.  Thus, we agree with the trial court that Employee's sworn statements addressing why he did not inform Employer of the April 6 incident earlier did not constitute a reasonable excuse.

Second, Employee alleged that the medication he was given following his left shoulder surgery made it impossible or impracticable to provide Employer with notice of the April 6 incident.  Yet, as noted by the trial court, Employee offered no evidence of the type of medication he was given or its effect, if any, on his mental or physical capacity.  Thus, we agree with the trial court that the evidence Employee presented to date is insufficient to support a finding that he had a reasonable excuse for the failure to provide timely notice of the right shoulder accident.

## Conclusion

For the foregoing reasons, we affirm the trial court's interlocutory order and remand the case.  Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

Wayne Freeman

v.

United Road Services, Inc., et al.

Appeal from the Court of Workers'
Compensation Claims
Thomas L. Wyatt, Judge

Docket No.  2024-50-8550

State File No.  31297-2024

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 6th day of January, 2026.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Wayne Freeman | | | | X | freemanwayne@gmail.com |
| Heather H. Douglas<br>Jenna M. Macnair | | | | X | hdouglas@manierherod.com<br>jmacnair@manierherod.com<br>ecollins@manierherod.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood* (signature)

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov